STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>BISIG IMPACT GROUP, INC., a Kentucky for-profit corporation; and AARON FRISBEE, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0814<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Bisig Impact Group, Inc. ("Bisig") and Aaron Frisbee ("Mr. Frisbee"; collectively with Bisig known herein as the "Defendants"), on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Bisig is, and has been at all times relevant to this lawsuit, a for-profit corporation with its principal place of business in Kentucky.

5. Mr. Frisbee is, and has been at all times relevant to this lawsuit, identified as the treasurer and registered agent of Bisig, according to the Kentucky Secretary of State Business Services database.

6. Bisig is, and has been at all times relevant to this lawsuit, identified by the current registrar, Network Solutions, LLC ("Network Solutions"), as the registrant and technical contact for the Internet domain found at <southerngaming.com> (the "Domain").

7. Mr. Frisbee is, and has been at all times relevant to this lawsuit, identified by Network Solutions as the administrative contact for the Domain.

## JURISDICTION

8. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

9. Bisig purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

10. Mr. Frisbee purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

11. Righthaven is the owner of the copyright in the literary work entitled "Earth hour" (the "Work"), attached hereto as Exhibit 1.

12. The Defendants copied, on an unauthorized basis, the Work from a source emanating from Nevada.

13. On or about March 17, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

14. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

15. The Defendants copied, on an unauthorized basis, the literary work entitled "Isle of Capri could run casinos" (the "Capri Article"), attached hereto as Exhibit 3, from a source emanating in Nevada.

16. On or about January 7, 2010, the Defendants displayed and continue to display the Capri Article on the Website.

17. The Defendants' display of the Capri Article was and is purposefully directed at Nevada residents.

18. The Defendants purposefully direct and effectuate the unauthorized reproduction of Righthaven-owned copyrighted works on the Website.

19. The Defendants' unauthorized reproduction of Righthaven-owned copyrighted works found on the Website is purposefully targeted at Nevada residents.

20. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content emanating from Nevada-based daily publications.

21. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content specifically related to Las Vegas, Nevada-based casinos.

22. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Website, content specifically related to Las Vegas, Nevada-based gambling events.

23. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, a listing of sports wagering information entitled "Today's Vegas Odds."

24. The Defendants' contacts with Nevada are continuous and systematic because the Defendants display, on the Website, a web link to the Internet domain found at <vegasinsider.com>.

25. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content specifically related to Las Vegas, Nevada-based politicians.

## **VENUE**

26. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

27. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because Bisig is subject to personal jurisdiction in Nevada.

## **FACTS**

28. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

29. Righthaven is the owner of the copyright in the Work.

30. The Work was originally published on March 10, 2010.

31. On May 26, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007145882 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

32. No later than March 17, 2010, the Defendants displayed the Infringement on the Website.

33. The Defendants replaced the Work's original title, "Earth hour," with a new title, "Las Vegas strip to go dark."

34. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

35. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

### CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

36. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 35 above.

37. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

38. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

39. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

40. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

41. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

42. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

43. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

44. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

45. Bisig has willfully engaged in the copyright infringement of the Work.

46. Mr. Frisbee has willfully engaged in the copyright infringement of the Work.

47. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

48. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

      b.    All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

      c.    All financial evidence and documentation relating to the Defendants' use of the Work;

3.    Direct Network Solutions and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.    Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5.    Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

6.    Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.    Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this twenty-eighth day of May, 2010.

          RIGHTHAVEN LLC

          By: /s/ J. Charles Coons
          STEVEN A. GIBSON, ESQ.
          Nevada Bar No. 6656
          J. CHARLES COONS, ESQ.
          Nevada Bar No. 10553
          JOSEPH C. CHU, ESQ.
          Nevada Bar No. 11082
          9960 West Cheyenne Avenue, Suite 210
          Las Vegas, Nevada 89129-7701
          Attorneys for Plaintiff